# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES KEARNEY** : | | **CIVIL ACTION** |
| *Plaintiff* : | | |
| : | | **NO. 17-2363** |
| **v.** : | | |
| : | | |
| **GOOD START GENETICS, INC.** : | | |
| *Defendant* : | | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                   DECEMBER 8, 2017

## MEMORANDUM OPINION

**INTRODUCTION**

  Before this Court is a *motion to dismiss for lack of personal jurisdiction and improper venue, or alternatively motion to transfer venue* filed by Defendant Good Start Genetics, Inc. ("Defendant"), pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(2) and 12(b)(3), [ECF 10], and the response in opposition thereto filed by Plaintiff James Kearney ("Plaintiff"). [ECF 11]. The grounds for Defendant's motion rest primarily on the argument that this Court lacks personal jurisdiction over Defendant because Defendant is not "at home" in Pennsylvania, as required by the seminal Supreme Court decision, *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746 (2014), and because Plaintiff's employment-based claims do not arise out of any of Defendant's limited contacts with Pennsylvania.

  The issues presented in the motion have been fully briefed and are ripe for disposition.[1] After careful consideration, for the reasons set forth herein, Defendant's motion to dismiss for lack of personal jurisdiction is granted.

---

[1] This Court has also considered Defendant's reply memorandum. [ECF 14].

**BACKGROUND**[2]

The following is a brief summary of the facts relevant to the issue of whether this Court has jurisdiction over Defendant. Plaintiff is a resident and citizen of Pennsylvania. Defendant is a corporation existing under the law of the State of Delaware, with a principal place of business in Massachusetts. Defendant is a molecular diagnostics company that provides genetic screening for inherited disorders. According to a screenshot of Defendant's website (a copy of which Plaintiff attached to his opposition), Defendant maintains licenses and certifications to provide clinical laboratory services to clients in seven states, including the Commonwealth of Pennsylvania.

Sometime prior to May 5, 2014, Plaintiff submitted an application for employment with Defendant through Defendant's Human Resources Department in Massachusetts. Prior to being hired, Plaintiff was interviewed in Massachusetts. On May 5, 2014, Defendant hired Plaintiff as a Director of Managed Care. Subsequently, Plaintiff was promoted to Senior Director of Managed Care and OB/GYN Sales.

During Plaintiff's employment with Defendant, Plaintiff primarily conducted work from his home in Glen Mills, Pennsylvania. As an employee based in Pennsylvania, Plaintiff paid Pennsylvania wage taxes. Plaintiff rarely traveled to Defendant's headquarters in Massachusetts and did not conduct business at any of Defendant's physical locations. During his employment, Plaintiff's manager was located in Massachusetts. All of the decisions regarding the terms and conditions of Plaintiff's employment were made by officers and employees in Massachusetts. At the time of his termination, Plaintiff was offered a separation agreement in connection with a reduction in force that provided for the application of Massachusetts law. Throughout the course

---

[2] The jurisdictional facts set forth herein, where undisputed, are taken from the parties' pleadings and supporting declarations. Where disputed, the facts have been construed in Plaintiff's favor.

of his employment, Defendant regularly communicated with Plaintiff via mail, email, and phone calls to Plaintiff's residence.  Defendant conducted at least one of Plaintiff's performance reviews over the phone while Plaintiff was in Pennsylvania.

During his employment, Plaintiff and two of Defendant's sales representatives conducted multiple in-person meetings with physicians throughout the greater Philadelphia area, resulting in Defendant contracting with at least twenty-four physicians' offices within Pennsylvania.  In addition, Plaintiff personally led the negotiation of an agreement with a large healthcare plan provider based in Blue Bell, Pennsylvania, which, according to Plaintiff, likely resulted in a significant influx of business for Defendant within Pennsylvania.  Defendant also employed at least one other sales representative who was based out of his home in Pennsylvania; had two dedicated sales representatives who covered territory within Pennsylvania and solicited business from physicians' offices and hospitals located in Pennsylvania; and directed marketing efforts to Pennsylvania through the use of Facebook and other social media platforms.  During Plaintiff's tenure, Defendant held at least one "screening day" program in Pennsylvania to screen individuals for potential genetic disorders.  Defendant did not regularly conduct meetings at its Massachusetts location, but rather held corporate meetings at different locations throughout the country.  On three occasions over the course of Plaintiff's employment, Defendant held its senior staff meetings and business review meetings in Pennsylvania.

Plaintiff's employment with Defendant was terminated on September 26, 2016.  In his complaint, Plaintiff asserts that he was terminated because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq*.  He also asserts that Defendant violated the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. §260.1, *et seq*.

by failing to pay him bonuses earned during his employment.  Defendant has moved to dismiss these claims under Rule 12(b)(2) for lack of personal jurisdiction.[3]

**LEGAL STANDARD**

Pursuant to Rule 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  Once a defendant has raised this jurisdictional defense, the burden shifts to the plaintiff to present a *prima facie* case establishing jurisdiction over the non-resident defendant in the forum.  *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *see also Miller Yacht Sales, Inc., v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) ("[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction.").  A plaintiff has the burden to show, "with reasonable particularity," enough contact between the defendant and the forum to support the exercise of personal jurisdiction by the forum state.  *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal citations omitted); *see also Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418 (E.D. Pa. 2005) ("In order to establish a *prima facie* case, the plaintiff must present specific facts that would allow the court to exercise jurisdiction over the defendant.").

In determining the existence of personal jurisdiction, courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  *Pinker*, 292 F.3d at 368.  Once the plaintiff's "allegations are contradicted by an opposing affidavit . . . [he or she] must present similar evidence in support of personal jurisdiction."  *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 556 (M.D. Pa. 2009).  To counter opposing affidavits, "[p]laintiffs may not repose upon their pleadings in this manner.  Rather, they must counter defendant['s] affidavits with contrary evidence in support of purposeful availment

---

[3] Defendant also moves to dismiss this action for improper venue pursuant to Rule 12(b)(3). Because this Court concludes that it lacks personal jurisdiction over Defendant, and dismisses this action on this ground, it does not address Defendant's improper venue arguments.

jurisdiction." *Id*. at 559.  To that end, "[t]he plaintiff must respond to the defendant's motion with 'actual proofs;' 'affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry.'"  *Lionti v. Dipna, Inc.*, 2017 WL 2779576, at *1 (E.D. Pa. June 27, 2017) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, n.9 (3d Cir. 1984)); *see also Lehigh Gas Wholesale, LLC v. LAP Petro., LLC*, 2015 WL 1312213, at *2 (E.D. Pa. Mar. 23, 2015) ("Plaintiff carries the burden to prove personal jurisdiction using 'affidavits or other competent evidence.'") (quoting *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)); *In re Chocolate Confectionary*, 602 F. Supp. 2d at 556-57 (a plaintiff must present contrary evidence in the form of "actual proofs[.]").

**DISCUSSION**

As noted, Defendant is a corporate entity incorporated in Delaware with a principal place of business in Massachusetts, and moves to dismiss this action for lack of personal jurisdiction based on the lack of sufficient minimum contacts with Pennsylvania to support personal jurisdiction in this forum.  In support of its motion, Defendant includes the declaration of Marc Jones, Defendant's Chief Operating and Financial Officer, in which Mr. Jones asserts, *inter alia*, that Defendant has never purposefully directed its activities toward Pennsylvania.  Plaintiff has responded with his own declaration and asserts various contacts that Defendant purportedly had with Pennsylvania, primarily involving his own employment relationship with Defendant.

A federal court may assert jurisdiction over a nonresident of the forum state to the extent authorized by the law of the forum, here, Pennsylvania.  *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001).  Pennsylvania's long-arm statute grants jurisdiction coextensive with that permitted by the due process clause of the Fourteenth Amendment of the United States Constitution.  *Id*.; *see also* 42 Pa. Cons. Stat. §5322(b).  Therefore, this Court's analysis must

focus on federal due process requirements. *Applied Tech. Int'l, Ltd. v. Goldstein*, 2004 WL 2360388, at *2 (E.D. Pa. Oct. 20, 2004).

This Court's constitutional inquiry is guided by the "minimum contacts" test established in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Under this standard, a plaintiff must show that a nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (internal quotations and citation omitted); *see also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). The focus of the minimum contacts analysis is "the relationship among the defendant, the forum, and the litigation," *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977), such that the defendant has fair warning that it may be subject to suit in that forum. *Marten*, 499 F.3d at 296.

A federal court must possess one of two forms of personal jurisdiction to comport with these principles; general jurisdiction or specific jurisdiction. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984)). General jurisdiction allows a court to exercise its jurisdiction over any party that possesses "continuous and systematic" contacts with the forum state, regardless of whether the claim results from the party's forum-related activities. *Helicopteros*, 466 U.S. at 415 n.9; *Marten*, 499 F.3d at 296. Where the cause of action has no relation to a corporate defendant's contacts with the forum, general jurisdiction may only be asserted over the corporate defendant if the corporate defendant's "affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate." *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear*

*Dunlop Tires Operations*, *S.A. v. Brown*, 564 U.S. 915, 923 (2011)) (quotation marks omitted); *see also Helicopteros*, 466 U.S. at 414.

"The 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business . . . ." *BNSF Ry. Co. v. Tyrrell*, __ U.S. __, 137 S. Ct. 1549, 1552 (2017) (citing *Daimler*, 134 S.Ct. at 760); *see also Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016). In addition to the two paradigm bases, general jurisdiction may arise in the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 134 S. Ct. at 761 n.19. Applying the *Daimler* analysis, the United States Court of Appeals for the Third Circuit has found it "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Chavez*, 836 F.3d at 223 (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[I]n our view *Daimler* established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases.") (citation omitted).

Specific jurisdiction, on the other hand, allows the court to hear claims that arise from or relate to the defendant's contacts with the forum state, such that the defendant should reasonably anticipate being hailed into court in that forum. *Helicopteros*, 466 U.S. at 414 n.8; *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006). In determining whether there is specific jurisdiction over a nonresident defendant, courts undertake a three-part inquiry. *See O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 317 (3d Cir. 2007). "First, the defendant

must have 'purposefully directed his activities' at the forum." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  Second, the plaintiff's claim must "arise out of or relate to" at least one of those activities.  *Helicopteros*, 466 U.S. at 414.  Third, assuming that the first two requirements are met, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with fair play and substantial justice."  *Burger King*, 471 U.S. at 476 (quotation marks and citations omitted); *see also O'Connor*, 496 F.3d at 317.

As noted, Plaintiff bears the burden of establishing, through sworn evidence or other competent evidence, that this Court may exercise either general or specific jurisdiction over Defendant.  Plaintiff argues that this Court can properly exercise both general and specific jurisdiction over Defendant.  Under the above legal framework, this Court disagrees.

In support of its motion to dismiss, Defendant presents the sworn declaration of Marc Jones, Defendant's Chief Operating and Financial Officer (the "Jones Declaration"), in which Jones attests that Defendant is neither incorporated in Pennsylvania nor maintains a principal place of business in this Commonwealth; rather, it is incorporated in Delaware and maintains its principal place of business in Massachusetts. (*See* Decl. of M. Jones at ¶1).  Jones also attests that Defendant has never:  owned, leased or used any property in Pennsylvania; maintained any offices or facilities in Pennsylvania; or held any assets or investments in Pennsylvania.  (*Id*. at ¶¶5, 6, 7, 8).  Plaintiff does not contest these jurisdictional facts.  As such, Pennsylvania is not a "paradigm" forum, *Daimler*, *supra*, in which Defendant is "at home" for the purposes of personal jurisdiction.

Plaintiff argues, however, that this Court may exercise general jurisdiction over Defendant because he asserts that Defendant has directed internet-based advertisements toward Pennsylvania by way of its website and has solicited business and made a number of sales in

Pennsylvania.  By way of the Jones Declaration, Defendant contests these general averments and asserts that Defendant has not sold a "significant" amount of goods or services in Pennsylvania, and that its year-to-date Pennsylvania-sourced revenue represented only two percent of its total revenue.  (*Id*. at ¶11).  Notwithstanding, Plaintiff contends that these limited contacts with Pennsylvania constitute the requisite "continuous and systematic" contacts for the exercise of general jurisdiction.  Notably, in support of his argument, Plaintiff relies solely upon cases decided years before the Supreme Court's seminal decision in *Daimler*, which effectively narrowed the scope of general jurisdiction over corporate defendants, such as Defendant here.  Remarkably, Plaintiff fails to even mention *Daimler* anywhere in his brief.

Regardless, the Supreme Court has held that even regularly occurring sales to a forum state cannot subject a nonresident defendant to general jurisdiction.  *See Goodyear*, 131 S. Ct. at 2852, 2856-57.  In *Goodyear*, the Supreme Court concluded that even "tens of thousands" of a foreign manufacturer's tires entering the forum over a three-year period was insufficient to trigger general jurisdiction because, despite those sales, the foreign corporation was not regarded as "at home" in that state.  *Id*.  In *Daimler*, the Supreme Court held that despite the fact that ten percent of a foreign defendant's sales occurred within the forum state, such sales did not render Daimler "at home" in the forum.  *Daimler*, 134 S. Ct. at 761-62.

Under these binding precedents, Plaintiff's contentions regarding Defendant's limited contacts with Pennsylvania fall far short of showing that Defendant is "essentially at home" in Pennsylvania, as required under *Goodyear*, *supra,* and *Daimler*, *supra.*  At most, Plaintiff's contentions establish that Defendant has *some* business presence in Pennsylvania.  However, Plaintiff has not provided this Court with any evidence to substantiate that Defendant has amassed sufficient contacts with Pennsylvania as to render Defendant "essentially at home" in

Pennsylvania. *See Daimler*, 134 S. Ct. at 751-52 (explaining that regional offices are not enough to consider a corporation "at home" in a forum in which it does not have its principal place of business or its place of incorporation); *see also Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 226 (2d Cir. 2014) (noting that *Daimler* makes it "clear that even a company's engage[ment] in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum") (internal citation and quotations omitted); *Krishanti v. Rajaratnam*, 2014 WL 1669873, at *7 (D.N.J. Apr. 28, 2014) ("It is clear from *Daimler* that the physical presence of a corporation in a state does not necessarily render the corporation 'at home' in that state."). Because Plaintiff has made no showing that Defendant's contacts with Pennsylvania "are so continuous and systematic as to render it essentially at home in this state," *Daimler*, 134 S. Ct. at 762 (internal quotations and citation omitted), this Court lacks general jurisdiction over Defendant.

Plaintiff also argues that this Court can and should exercise specific jurisdiction over Defendant. As stated, specific jurisdiction allows the Court to hear claims that arise from or relate to the defendant's contacts with the forum state, such that the defendant should reasonably anticipate being hailed into court in that forum. *Helicopteros*, 466 U.S. at 414 n.8. As Plaintiff concedes, however, contracting with a Pennsylvania resident, standing alone, is insufficient to establish the minimum contacts necessary to exercise specific jurisdiction over a nonresident defendant. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 (3d Cir. 1996). In *Vetrotex*, a Pennsylvania company solicited a contract with a California corporation by telephone and by personal visits to California. *Id*. at 151. The California corporation did not itself solicit or initiate the contract, and its personnel never visited Pennsylvania to negotiate or sign the contract. *Id*. The Third Circuit held that under those facts,

the out-of-state defendant had not purposefully availed itself of the privilege of doing business in Pennsylvania and therefore was not subject to personal jurisdiction here.  *Id*. at 151-52.

Despite recognizing the import of the *Vetrotex* holding described above, Plaintiff contends that specific jurisdiction exists here because Defendant "purposefully entered into an employment agreement with Plaintiff knowing he was to work out of his home in Glen Mills, Pennsylvania." [ECF 11 at p. 11].  The undisputed facts, however, show that it was Plaintiff, and not Defendant, who solicited Defendant for the job by applying through Defendant's Human Resources Department in Massachusetts and then interviewing there.  Plaintiff has presented no evidence that Defendant "purposefully availed" itself of its employment contract/relationship with Plaintiff through any contacts it had with Pennsylvania.  As in *Vetrotex*, Plaintiff's own initiated contractual contacts with Defendant are not sufficient for a constitutional assertion of specific jurisdiction over Defendant here. *Vetrotex*, 75 F.3d at 151-52; *cf. Grainer v. Smallboard, Inc.*, 2017 WL 736718, at *2 (E.D. Pa. Feb. 24, 2017) (holding that an out-of-state defendant's solicitation of a forum plaintiff to enter into an employment contract was insufficient to trigger specific jurisdiction over plaintiff's employment claims); *Connell v. CIMC Intermodal Equipment*, 2016 WL 7034407, at *3 (M.D. Pa. Dec. 2, 2016) (holding no specific jurisdiction over employment discrimination matter where out-of-state defendant even though the defendant knew that the plaintiff would be working from his home in Pennsylvania).

**CONCLUSION**

For the reasons set forth herein, Defendant's motion to dismiss is granted.[4]  An appropriate Order will follow.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[4] Because Plaintiff opposes transfer of this matter to the District of Massachusetts, this Court will deny Defendant's alternative motion to transfer venue, thereby allowing Plaintiff to choose whether he wishes to pursue his claims in an appropriate forum.